**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PERCY THOMPSON,** ) | | |
| Plaintiff, ) | | Case No. 18-28 Erie |
| v. ) | | |
| ) | | |
| **NANCY GIROUX, et al.,** ) | | District Judge Susan Paradise Baxter |
| Defendants. ) | | |

## MEMORANDUM OPINION

### I. INTRODUCTION

#### A. Relevant Procedural History

Plaintiff Percy Thompson, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this *pro se* civil rights action as the result of events that allegedly occurred during the course of his confinement. In his lawsuit, Plaintiff has named various employees of the Pennsylvania Department of Corrections ("DOC") as Defendants, including: Nancy Giroux ("Giroux"), Superintendent at SCI-Albion; "Wamsley" and "Segworth," corrections officers at SCI-Albion; Dorina Varner ("Varner"), Chief Grievance Officer of the DOC; Mark Grucza ("Grucza"), a licensed practical nurse at SCI-Albion; and Daniel Stroup ("Stroup"), a physician's assistant at SCI-Albion.

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the eighth and fourteenth amendments to the United States Constitution when they "forced [him] to live without proper medical assistance, i.e. cane or wheelchair." (ECF No. 3, Complaint, at ¶ 72). As relief, he seeks $250,000 in compensatory damages, and $250,000 in punitive damages. (Id., at ¶111).

Pending before the Court is a motion to dismiss the complaint [ECF No. 9] filed by Defendants Giroux, Wamsley, Segworth, Varner, and Grucza (collectively, the "Moving Defendants").[1] Plaintiff has filed a response and a declaration in response to the Moving Defendants' motion. [ECF Nos. 17, 18]. This matter is now ripe for consideration.

**B.    Relevant Factual History**

Plaintiff alleges that on March 1, 2016, he was called to the medical department at SCI-Albion and advised "by a nurse Ms. Jaiver" that he had to forfeit a cane he had been using due to a recent back injury he allegedly suffered. (ECF No. 3, at ¶¶11-12). Although Plaintiff explained that he had been receiving treatment for his back injury, Nurse Jaiver nevertheless took Plaintiff's cane, stating that she was "only following Dr's orders." (Id., at ¶13).

After trying unsuccessfully to get his cane back, Plaintiff was told by Defendant Wamsley to return to his housing unit or "to the hole 'Full solitary confinement.'" (Id., at ¶14). Before leaving the medical department, Plaintiff "constantly" asked Defendant Wamsley to summon a higher ranking officer so that Plaintiff could explain "the foul treatment he [was] being forced to [endure]," but Defendant Wamsley "continuously refused [his] request…" and "constantly intim[id]ated and harassed" Plaintiff, calling him a liar, and stating that, if he were to call a Lieutenant, it would be to have Plaintiff sent "to the hole." (Id., at ¶¶ 17-21). Plaintiff was then told to put in a request slip and a sick call. (Id., at ¶22).

On March 2, 2016, while on his way to breakfast after submitting a request slip and sick call slip, Plaintiff stepped outside his housing unit and took about 7 or 8 steps on the sidewalk before deciding that it was too dangerous for him to proceed because it was snowy and no one

---

[1] According to the docket, Defendant Stroup has not yet been served with the complaint in this matter, nor has an attorney entered an appearance on his behalf. Thus, he is not a party to Defendants' pending motion to dismiss.

2

had shoveled or put down salt on the sidewalk. (Id. at ¶¶ 36-38). As Plaintiff turned around to go back into his housing unit, he slipped and fell. (Id., at ¶ 39). In pain and unable to get up, Plaintiff lay on the sidewalk and was eventually taken to the medical department on a stretcher. (Id. ¶¶ 40-42).

Once Plaintiff arrived at the medical department, Defendant Grucza took Plaintiff's vitals and asked some questions. (Id., at ¶ 43). When Plaintiff questioned Defendant Grucza about the way he was taking notes, Defendant Grucza allegedly became "very aggressive and prejudiced," stating "There [sic] nothing wrong with you." (Id., at ¶ 44). After some time, Defendant Grucza helped Plaintiff sit up and put his shoes back on, stating, "Well if you would wear your shoes how your [sic] supposed too [sic] and tie them up you wouldn't of [sic] fell." (Id., at ¶46). When Plaintiff protested that his shoes had been tied when he fell, Defendant Grucza became "infuriated," acted "unprofessional," and "demanded that [Plaintiff] wait out in the lobby area." (Id. ¶¶ 47-48).

Defendant Grucza subsequently "appeared with a cane" and tried to get Plaintiff out of his chair and up on his feet. (Id. at ¶50). At this time, Defendant Wamsley began making disrespectful and "degrading comments," taunting Plaintiff and accusing him of "faking." (Id., at ¶¶ 52-56). Defendant Grucza then "forcefully led [Plaintiff] to the lobby area," and Plaintiff was assisted back to his housing unit by an "Inmate Muller," who asked Defendant Segworth if Plaintiff could have a wheelchair because it was slippery outside. (Id. at ¶¶ 58-61). In response, Defendant Segworth allegedly "jumped out of his seat and yelled 'Look[ ] god damn it your [sic] not getting shit[.] [Y]ou got your cane back and that's all you wanted so leave before I write you up[.]" (Id., at ¶61).

3

### C. Standards of Review

The Moving Defendants' motion is predicated on Rule 12(b)(6) of the Federal Rules of Civil Procedure. "When considering a Rule 12(b)(6) motion, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., citing Twombly, 550 U.S. at 556.

Because Plaintiff is proceeding in forma pauperis, the Court is also independently obligated under 28 U.S.C. §1915(e) to consider the sufficiency of Plaintiff's complaint and dismiss the case "at any time" if, among other things, it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Accordingly, even though Defendant Stroup has not appeared in this action and is not among the Moving Defendants, the Court is obligated to judge the sufficiency of Plaintiff's claims as they relate to Stroup. In conducting a review under 28 U.S.C. §1915(e)(2)(B)(ii), the court applies the same standard of review as it would apply under a traditional Rule 12(b)(6) analysis. See Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012).

## II. DISCUSSION

### A. Official Capacity Claims

At the outset, the Moving Defendants correctly argue that the claims asserted against them in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment immunizes states, state agencies, and state officials acting in their official capacities, from suits for monetary damages under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, (1989); Kentucky v. Graham, 473 U.S. 159, 160 (1985) (holding that the Eleventh Amendment bars actions under § 1983 for money damages against state officials acting in their official capacities). Thus, Plaintiff's official capacity claims against the Moving Defendants will be dismissed.

### B. Personal Involvement

Next, the Moving Defendants argue that Plaintiff has failed to allege their personal involvement in any alleged constitutional misconduct sufficient to establish liability under Section 1983. The Court agrees.

It is well-settled that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. See Gould v. Wetzel, 2013 WL 5697866, at *2 (3d Cir. Oct. 21, 2013), citing Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011). This means that the defendant must have played an "affirmative part" in the complained-of misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit … [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Oliver v. Beard, 358 Fed. Appx. 297, 300 (3d Cir. 2009); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Here, the crux of Plaintiff's complaint is that he was required to surrender the cane that he had been using, and without which he could not effectively ambulate. It is clear from the complaint, however, that Nurse Jaiver was the individual who directed Plaintiff to surrender his cane, and she allegedly did so based on "doctor's orders;" however, Nurse Jaiver is not a named defendant in this lawsuit. Although Defendant Grucza is alleged to have acted insensitively and unprofessionally, having spoken to Plaintiff inappropriately and having escorted him roughly out to the lobby area, the complaint also alleges that Defendant Grucza made a cane available to Plaintiff following his slip and fall incident. (ECF No. 3, Complaint, at ¶ 50). According to the complaint, none of the other Moving Defendants had any involvement whatsoever in the removal of Plaintiff's cane.

The primary allegations against Defendants Wamsley and Segworth are that they used course and vulgar language, and that Defendant Wamsley, in particular, spoke in a racially inappropriate manner to Plaintiff. Such misconduct does not, in and of itself, amount to a violation of Plaintiff's Eighth Amendment rights. See Henry v. CO#2 Gilara, 2017 WL 3424863, at *4 (W.D. Pa. Aug. 9, 2017) (holding that, although the defendant directed "numerous unprofessional, sex-laced remarks" toward the plaintiff, "such verbal harassment does not give rise to a violation under the Eighth Amendment or any constitutional provision"); Moore v. Adams, 2013 WL 3972447, at *6 (W.D. Pa. July 30, 2013) ( "It is well-settled that the use of words, no matter how violent, is not actionable under §1983."); Jacobs v. Bayha, 2010 WL 3895768 (W.D. Pa. Sept. 30, 2010) (noting that "[i]t has been long recognized that mere verbal threats, in and of themselves, do not give rise to constitutional violations, and are thus not actionable under § 1983" (listing cases))

Plaintiff also claims that Defendants Wamsley and Segworth refused to assist Plaintiff in the acquisition of medical attention or in acquiring a wheelchair. As the complaint makes clear, however, both Defendants were aware that Plaintiff had been seen in the prison's medical department relative to his medical complaints. It is well-settled that non-medical prison officials are generally justified in believing a prisoner is receiving appropriate treatment if the prisoner is under the care of medical personnel. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical [prison official] ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference"). Thus, to the extent Plaintiff claims that Defendants Wamsley and Segworth were deliberately indifferent to his medical needs, such claim lacks merit and will be dismissed.

As for Defendants Varner and Giroux, the only allegations against them arise from their involvement in Plaintiff's administrative grievance proceedings. (ECF No. 3, at ¶¶ 66, 71, 104, 109). The law is clear, however, that an official's involvement in grievance proceedings is not enough to show personal involvement in the complained-of conduct. See Curtis v. Wetzel, 2019 WL 623887, at *2 (3d Cir. Feb. 13, 2019), citing Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988) ("The District Court properly determined that Defendants . . . who participated only in the denial of [the plaintiff's] grievances – lacked the requisite personal involvement" to be liable under §1983).

Based on the foregoing, Plaintiff has failed to allege any of the Moving Defendants' personal involvement in any alleged misconduct that rises to the level of a constitutional

violation. As a result, the Moving Defendants' motion to dismiss will be granted.[2]

### C.     Defendant Stroup

As noted earlier, Defendant Stroup was never served in this case, and no attorney has entered an appearance on his behalf. Thus, he has not joined in the pending motion to dismiss. Nonetheless, Section 1915A(b) of the Prison Litigation Reform Act ("PLRA") provides:

> (b) Grounds for dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A(b). Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

Here, the only allegation Plaintiff has stated against Defendant Stroup in this case is that he "failed in his duties to care and to listen to [Plaintiff's] complaints and problems he in [sic] enduring with a solution to elive [sic] him." (ECF No. 3, at ¶108). This conclusory statement is unsupported by any factual allegations whatsoever and, thus, stands alone without context. As a

---

[2] Because the Court finds that Plaintiff has failed to sufficiently allege Defendants' personal involvement in any unconstitutional misconduct, there is no need to address the Moving Defendants' remaining arguments based on qualified immunity and failure to state cognizable Eighth and Fourteenth Amendment claims. Additionally, to the extent Plaintiff is deemed to have alleged a state law negligence claim against one or more of the Moving Defendants, such claim is a pendent claim over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim.

8

result, Plaintiff has failed to state a cause of action against Defendant Stroup upon which relief may be granted, and Defendant Stroup will be dismissed, *sua sponte*, pursuant to the authority granted by the PLRA.

### **D.** **Amendment**

The law of this circuit holds that, "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir.2008). Based on the foregoing discussion, the Court concludes that Plaintiff's claims are incapable of remediation; therefore, all claims will be dismissed with prejudice.

An appropriate order follows.